UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSEPH ST. CLAIR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:03CV00976 HEA |
| CITY OF ST. PETERS, MISSOURI, | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees and Expenses, [#127] and Plaintiff's Amended Bill of Costs, [#153]. Plaintiffs submitted a Supplement to their Motion for Attorneys' Fees and Expenses, [#152], and Defendants have responded to all motions. For the reasons set forth below, Plaintiffs' Motion for Attorneys' Fees is granted in part and denied in part and Plaintiff's Amended Bill of Costs is granted in part and denied in part.

### **Attorneys' Fees**

Plaintiffs move this Court for an order requiring Defendants to pay the attorney fees incurred by Plaintiffs in the litigation of this case, since Plaintiffs were the "prevailing party" pursuant to 42 U.S.C. § 1988. Plaintiffs allege in their initial motion for attorney's fees that they have expended 273.31 hours at $250.00 per hour and

801.89 hours at $190.00 per hour for a total of $220, 686.60 in attorney's fees. In reviewing the billing records, however, the Court has noted an error in counsels' billing computation: junior attorney hours documented actually amount to 800.14, not 801.89 (a difference of 1.75 hours). Thus, the overall claimed fees will be adjusted by the Court to reflect the actual amount billed, which is $220,354.10.

In their supplement to the motion, Plaintiffs counsel allege they billed an additional 49.50 senior attorney hours and 130.80 junior attorney hours for time spent on various post-trial motions. These hours, added to the adjusted amount above, bring Plaintiffs' counsels' overall claimed fees to a total of $257,581.10.

Plaintiffs claim the fees are fair, reasonable, not excessive, and typical of those charged in the St. Louis, Missouri area for similar cases. Defendants argue that Plaintiffs have not demonstrated they are the prevailing party, and even if they are determined as such, they have failed to establish that the fees claimed are reasonable.

**Prevailing Party**

The initial question regarding the propriety of awarding attorney's fees in a case such as this is whether Plaintiffs can be considered the prevailing party. *Casey v. City of Cabool, Mo.,* 12 F.3d 799, 804 (8th Cir. 1993). Section 1988 of Title 42 provides for the payment of attorney's fees to prevailing parties in § 1983 cases. 42 U.S.C. §

1988(b); *Jensen v. Clarke,* 94 F.3d 1191, 1203 (8th Cir. 1996). Section 1988(b) provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs. . . .

42 U.S.C. § 1988(b).

In *Hensley v. Eckerhart,* 461 U.S. 424 (1983), the Supreme Court stated that a party is a "prevailing party" when he or she succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. 461 U.S. at 433. The prevailing party inquiry does not turn on the magnitude of the relief obtained. *Farrar v. Hobby,* 506 U.S. 103, 114 (1992); *Casey,* 12 F.3d at 804.

In this case, the jury found in favor of Plaintiff St. Clair on his counts against City of St. Peters for wrongful discharge and discrimination pursuant to § 1983. St. Clair was awarded damages in the amount of $33,500.00 and $66,500.00 in punitive damages. The jury also found in favor of Plaintiff Colby Simms on his counts against the City for wrongful discharge and discrimination under § 1983, and for his count against Defendant Charnisky pursuant to § 1983. Simms was awarded $77,325.00 in damages and $22,675.00 in punitive damages against the City, in addition to $10,000.00 in punitive damages against Charnisky. Although the Court later vacated the punitive damages awards against the City, Plaintiffs succeeded on the significant

3

issues of the litigation and achieved the benefit they sought in bringing suit. Plaintiffs, therefore, are the prevailing party.

**Calculation of Fees**

The next inquiry involves calculating the attorney's fees of the prevailing party. The method employed by the Supreme Court in calculating attorney's fees is known as the "lodestar" method. *Hensley,* 461 U.S. at 433; *Jensen,* 94 F.3d at 1203. Under the lodestar method, the district court multiplies the number of hours reasonably expended by the relevant market rate for legal services, then reduces the amount for partial success, if necessary. *Jensen,* 94 F.3d at 1203; *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986) (the lodestar is "the product of reasonable hours times a reasonable rate"). The trial court may undertake various reductions of the claimed fees, based upon, for example, limited success, an unreasonable hourly rate, excessive hours expended, or poor record keeping. *Farrar,* 506 U.S. at 111-12.

In *Hensley*, the Supreme Court considered a number of factors, identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), as relevant to the determination of an appropriate fee under the lodestar method. *Hensley*, 461 U.S. at 430 n. 3. The twelve "*Johnson* factors" include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform

the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley,* 461 U.S. at 430 n. 3 (citing *Johnson,* 488 F.2d at 717-19). These factors "should be used to set the reasonable number of hours and reasonable hourly rate components of the fee award formula." *McDonald v. Armontrout,* 860 F.2d 1456, 1459 (8th Cir. 1988).

### 1. Administrative Matters

Defendants contend that the time spent by Plaintiffs' counsel on administrative matters is not compensable. The Supreme Court held in *Webb v. Bd. of Educ. Of Dyer County, Tenn.,* 471 U.S. 234 (1985) that time spent on pursuing administrative remedies is not compensable when the statute at issue does not require the plaintiff to exhaust his or her administrative remedies. *Id.* at 240-41. Because § 1983 does not require a plaintiff to exhaust his or her administrative remedies before filing suit, the time Plaintiffs' counsel spent researching, preparing for, and attending administrative disciplinary hearings is not compensable under § 1988. Defendants propose that all hours expended by Plaintiffs' counsel before June 12, 2003, the date on which

Plaintiffs' counsel assert they began research on the § 1983 claim, were spent on administrative matters and should be deducted from Plaintiffs' lodestar amount. The Court finds, however, that preparation for the instant litigation began on May 14, 2003, following the Board hearings held for Plaintiffs St. Clair and Simms. As such, all hours expended by Plaintiffs' counsel prior to May 14, 2003 will be deducted from Plaintiffs' lodestar amount.

### 2. Hourly Rate

Defendants also contend that Plaintiffs' hourly rates of $250 for senior attorneys and $190 for junior attorneys are not reasonable and submit that the proper rates should be $175 and $125 per hour for senior and junior attorneys respectively. In *Blum v. Stenson,* 465 U.S. 886, 897 (1984), the Supreme Court found that a fee award under § 1988 should be calculated using "market rates," and that the "requested rates [should be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum,* 465 U.S. at 895-96. The Eighth Circuit has noted, however, that the Supreme Court did not define "community" in *Blum*, and suggested that the entire state may be the relevant market. *McDonald,* 860 F.2d at 1459 n. 6.

While Defendants may consider $175 and $125 per hour to be a more reasonable rate for senior and junior attorneys respectively, Plaintiffs' claimed fees of $250 and

6

$190 per hour are in line with those prevailing in the community. Plaintiffs' requested rates are based on the prevailing rates in the St. Louis, Missouri market for legal services, and are not unreasonable, particularly where Plaintiffs' lead counsel, John Goffstein, is a leader in the field of law in question, and routinely performs the kind of work in question. Therefore, the Court finds Plaintiffs's requested hourly rates to be reasonable under the law.

### 3. Hours Not Reasonably Expended

Defendants also assert that the hours claimed by Plaintiffs were not reasonably expended. Specifically, Defendants claim that many of the service descriptions provided by Plaintiffs in their itemization of fees are redundant and/or vague. The Court agrees.

Legal services are not compensable where they are redundant, inefficient, or simply unnecessary. *Cody v. Hillard,* 304 F.3d 767, 773 (8th Cir. 2002). In addition, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 434. As Defendants correctly point out, there are numerous service descriptions provided by Plaintiffs' counsel that are "non-specific." For instance, the one word description "research" does not aid the Court in understanding the service provided or determining whether the service was reasonable. Likewise, the research performed on § 1983 issues as they applied to Plaintiff St. Clair

was identical to § 1983 research performed on behalf of Plaintiff Simms. This duplication of effort was simply unnecessary and amounts to double billing. In fact, the Court has noted that on numerous occasions, the billing for Plaintiff St. Clair was duplicative to the billing for Simms on activities other than research, such as motions, meetings, correspondence, and reviewing documents. Thus, the Court finds that much of the legal services Plaintiffs' counsel asserts it performed was redundant. The Court will therefore make a ten percent across-the-board reduction in the total attorney's fees claimed on or after May 14, 2003 for vagueness and/or redundancy in documentation. A percentage reduction is both practical and appropriate, because the Court is making an "equitable judgment" based on the fee claim as a whole. *See Jensen,* 94 F.3d at 1203 (affirming the district court's 10% across-the-board percentage reduction for poor documentation); *compare Hensley,* 461 U.S. at 436-37 (court necessarily has the discretion to make an equitable judgment to reduce a fee claim by a percentage rather than hour-by-hour for limited success).

In addition to duplication, the Court finds that hours claimed by Plaintiffs' counsel are excessive. "The trial judge should weigh the hours claimed against his knowledge, experience and expertise of the time required to complete similar activities." *Gilbert v. City of Little Rock, Ark.,* 867 F.2d 1063, 1066 (8th Cir.) (citing *Johnson,* 488 F.2d at 717, the decision relied upon in *Hensley* and *Delaware Valley* as

stating appropriate factors for the determination of attorney's fees), *cert. denied,* 493 U.S. 812 (1989); *accord Saxton v. Secretary, DHHS,* 3F.3d 1517, 1521 (Fed. Cir. 1993) (trial courts routinely use their prior experience to reduce hourly rates and number of hours claimed in attorney fee requests).

Plaintiffs' attorneys claim they spent 322.81 senior attorney hours and 932.69[1] junior attorney hours performing legal services, both pretrial and post-trial. This assertion strains credulity. If the Court were to simply evaluate junior attorney hours alone, the 932.69 hours claimed would mean that every day for roughly six (6) straight months a junior attorney was performing legal services in this case and in this case alone. The 322.81 senior attorney hours expended are likewise excessive, particularly in light of the fact that John Goffstein, a leader in the community with respect to § 1983 litigation, should have been able to handle the case more expeditiously than a lawyer without comparable experience. The Court will therefore make an additional ten percent across-the-board reduction in the total attorney's fees claimed on or after May 14, 2003 for excessiveness.

The Court finds that attorneys' fees claimed on or after May 14, 2003 amount to $245,270.00. This, less 20% for the Court's across-the-board reductions, equals

---

[1]These hours are the hours claimed by Plaintiffs prior to this Court's adjustment as explained, *supra.*

9

$196,216.00, which reflects the amount to which Plaintiffs' attorneys are reasonably entitled.

**Enhancement**

Plaintiffs also claim they are entitled to a total enhancement of their lodestar of a .50 multiplier. The Court disagrees. An enhancement of lodestar should only occur in the rare case where the fee applicant offers specific evidence that the quality of service rendered was superior to that which one should expect in light of the hourly rates charged. *Blum,* 465 U.S. at 899; *see also Griffin v. Ozark County, Missouri,* 688 F. Supp. 1372, 1376 (W.D. Mo. 1988) (party must show that enhancement is necessary to provide fair and reasonable compensation). Plaintiffs have not shown that the number of hours expended was minimal when compared to the service rendered nor have they shown that an enhancement is required to ensure that counsels' compensation is fair and reasonable.

## Bill of Costs

Plaintiffs claim they are entitled to all costs and expenses reasonably incurred in the litigation of this cause of action pursuant to 28 U.S.C. §§ 1821 and 1920. Plaintiffs also request that the Court grant them those expenses and costs which are not taxable under § 1920 and § 1821 as attorneys' fees. Defendants argue Plaintiffs are not entitled to expenses which are not provided for in §§ 1920 and 1821.

**Expert Witness Fees**

Defendants claim Plaintiffs are not entitled to the $3,600 fee claimed for Plaintiffs' expert witness, because such a fee is not authorized by § 1920 or § 1821, and 42 U.S.C. § 1988 conveys no authority to shift the expert witness fees. The Court agrees.

Section 1821 of Title 28 provides in relevant part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(a)(1) and (b).

Section 1920 of Title 28 provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Sections 1920 and 1821 do not provide for fees paid to expert witnesses. Section 1988 of Title 42, however, specifically allows for "expert fees" as part of an award of attorney's fees, but it is an allowance "in any action or proceeding to enforce a provision of section 1981 or 1981(a) of this title . . ." 42 U.S.C. § 1988(c). In *West Virginia University Hospitals, Inc. V. Casey,* 499 U.S. 83 (1991) *abrogated by statute,* 42 U.S.C. § 1988(c), the Supreme Court addressed whether fees for services rendered by experts in civil rights litigation may be shifted to the losing party pursuant to 42 U.S.C. § 1988. The Court held that § 1988 refers only to "attorney's fees" while numerous other fee-shifting provisions "explicitly shift expert witness fees as well as attorney's fees." *Id.* at 88. By way of background, in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987), the Court, addressing fee-shifting for expert witnesses under Rule 54(d) of the Federal Rules of Civil Procedure, held that "when a prevailing party seeks reimbursement for fees paid to its own expert witness, a federal court is bound by the limit of 28 U.S.C. § 1821(b), absent contract or explicit statutory authority to the contrary. *Id.* at 439. Under § 1821(b), witness fees are limited to $40 per day for each day's attendance. Four years later, in *Casey,* the Court held that while a prevailing party could recover a reasonable attorney's fee as part of the costs in civil rights actions, a prevailing party could not recover "expert fees" under 42 U.S.C. §

1988 because there was no "explicit statutory authority" indicating that Congress intended for that sort of fee-shifting. *Casey,* 499 U.S. at 83.

Shortly after the Court's decision in *Casey,* Congress amended § 1988 in order to make expert fees compensable in civil rights actions. Pub.L. No. 102-166, § 113, 105 Stat. 1071. The amendment, however, relates to "any action or proceeding to enforce a provision of section 1981 or 1981(a) of this title . . . ." 42 U.S.C. § 1988(c). The cause of action before the Court is a proceeding to enforce a provision of 42 U.S.C. § 1983. Therefore, this Court finds that § 1988 conveys no authority to shift expert fees in § 1983 actions, and the fees are not otherwise taxable under 28 U.S.C. § 1821 and 1920. Plaintiffs' attorneys, thus, are not entitled to the $3,600.00 expert witness fee claimed.

**Other Fees**

All other fees claimed by Plaintiffs in their Bill of Costs, such as legal research fees ($1,620.00), fees for service of deposition and trial subpoenas ($735.70), courier fees for discovery documents ($135.04), mediation costs ($477.76), and attorney travel costs ($13.49) are reasonable and were necessarily incurred in the litigation of this case. Defendants' arguments with regard to these claimed items are without merit. Plaintiffs will be allowed all expenses documented in their Amended Bill of Costs, less

the expert witness fees claimed ($3,600.00), and those costs incurred prior to May 14, 2003 ($148.50), for a total of $7290.92.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees and Expenses, [#127], is granted in part and denied in part; Plaintiffs are granted attorneys' fees in the amount of ONE HUNDRED NINETY-SIX THOUSAND TWO HUNDRED SIXTEEN DOLLARS AND NO CENTS ($196,216.00);

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Bill of Costs, [#153], is granted in part and denied in part; Costs shall be taxed against Defendant in the amount of SEVEN THOUSAND TWO HUNDRED NINETY AND NINETY-TWO CENTS ($7290.92).

Dated this 13th day of May, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE